**THOMAS J. DALY, CA Bar No. 119684**
TDaly@lrrc.com
**DREW WILSON, CA Bar No. 283616**
DWilson@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff
MOBILE HI-TECH WHEELS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE HI-TECH WHEELS, <br><br> Plaintiff, <br><br> vs. <br><br> TWM WHOLESALE, LLC and <br> TIRE & WHEEL MASTER, INC.; <br> TIRE & WHEEL MASTER, LLC; <br> USA WHEEL & TIRE OUTLET, INC.; <br> ASLAM PROPERTY, INC.; <br> HB COMMERCIAL, LLC; <br> NADEEM ASLAM; and <br> AMMAD HUSSAIN, <br><br> Defendants. | Case No. 2:18-cv-00339-MCE (GGHx)` <br><br> **JOINT RULE 26(f) REPORT** <br><br> Hon. Morrison C. England, Jr. |

On April 19, 2018, Drew Wilson, counsel of record for Plaintiff Mobile Hi-Tech Wheels ("Plaintiff"), engaged in a telephone conference with Andrea LaFrance, counsel for Defendants TWM Wholesale, LLC and Tire & Wheel Master, Inc., Tire & Wheel Master, LLC, USA Wheel & Tire Outlet, Inc., Aslam Property, Inc., HB Commercial, LLC; Nadeem Aslam, and Ammad Hussain (collectively, "Defendants"), to conduct their Conference of Parties pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's February 13, 2018 Initial Pretrial Scheduling Order.

The parties submit this Joint Rule 26(f) Report.

**a.     Statement of the Case:**

**Plaintiff's Statement**

This is a case of design patent infringement by a group of related companies who take the innovative designs of third parties, change them slightly, and sell these substantially similar designs as their own products. Defendants attempt to walk the line of legality in order to freeride on the innovation and hard work of others without having to spend the same significant resources developing their own designs.

At issue here are two of the more egregious examples of Defendants' copying of MHT's patented designs.  As is evident below, Defendants' K9 5198 wheels are nearly identical to the wheels claimed by MHT's United States Patent Nos. D741,241, and D736,136. And it is no wonder Defendants would elect to copy this design, as it is one of MHT's most popular models.



**K9 5198**          **'241 Patent**          **'136 Patent**

Defendants' XM-318[1] is just as close to wheels claimed by MHT's United States Patents Nos. D736,133 and D736,138.[2]

---

[1] Together with the K9 5198, are referred to as the "Accused Wheels."

[2] Together with the D741,241, and D736,136 Patents, are referred to as the "Asserted Patents."

-2-



| XM-318 | '133 Patent | '138 Patent |

The XM-318 wheel is sold under the brand name "Xtreme Mudder." The Defendants work together to sell these Accused Wheels and as of the date of filing the complaint, are each listed on the "Contact Us" section of the xtrememudder.com website.

**Defendants' Statement**

The present case involves invalid patents anticipated by existing and well-established designs sold by the Defendants and others for years prior to the date of Plaintiff's patent applications. The automotive aftermarket in the United States has long been rich with designs on wheels for street cars and off road trucks. These aftermarket wheels take inspiration from many sources, including the automakers in Germany, Japan and the United States. In this case, the patents in suit claim designs that the major automakers and automotive aftermarket manufacturers have sold for years. Despite their claims to the United States Patent & Trademark Office in the applications that would mature into the patents-in-suit, the claimed inventors presented nothing new at all. Rather, the inventors declined to disclose the prior art that clearly inspired, directed and ultimately anticipated the claimed designs. Defendants will establish with physical evidence and witnesses that the claimed designs were neither novel nor non-obvious at the time of application or conception.

Furthermore, the claimed designs are of limited scope due to functionality. The shape of the claimed wheels, the structure of the spokes, the placement of the central hubs and the orientation of the spokes all are dictated by function. Once the functional elements are accounted for under *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016), the ornamental differences between the accused wheels and the claimed designs become

substantial. As a result, the accused products do not possess the limited ornamental features, if any remain after a full evaluation of functionality.

Finally, the accused products do not infringe the claimed designs in the patents in suit. Under Federal Circuit law, infringement occurs only when the ordinary observer, with full knowledge of the available prior art, would be deceived into believing that the accused product is the claimed design. Here, the ordinary observer is a consumer in the market for wheels costing between $1000 and $3000 for a set of four wheels. This consumer would be presented with endless iterations of five spoke wheels offered by a variety of automakers and aftermarket manufacturers. The observer would not conclude, after this evaluation, that the K95198 infringes the claimed design. This consumer would also be presented with a number of Y-shaped spokes offered by Toyota, Ford, Subaru and General Motors, among others. This consumer would also be presented with the litany of aftermarket wheels that have lawfully and properly designed iterations of the Y-Shaped spoke. In the end, the ordinary observer would conclude that the XM-318 is a new design that stands apart from the prior art and the claimed designs in the '133 and '138 patents.

For the above reasons, Defendants have denied infringement and have denied that the four asserted patents are valid. Defendants intend to establish non-infringement. Defendants also intend to establish invalidity by anticipation and obviousness as well as unenforceability by way of inequitable conduct and lack of inventorship.

    **b.**    <u>**Subject Matter Jurisdiction:**</u>

<u>**Plaintiff's Statement**</u>

This court has original subject matter jurisdiction over this case under 35 U.S.C. § 1, et. seq. and 28 U.S.C. §§ 1338(a).

<u>**Defendants' Statement**</u>

This court has original subject matter jurisdiction over this case under 35 U.S.C. § 1, et. seq. and 28 U.S.C. §§ 1338(a).

c. **Legal issues:**

The parties do not believe there are any unusual substantive, procedural or evidentiary issues presented by the case.

**Plaintiff's Statement**

- Whether Defendants' manufacturing, importation, distribution and/or sales of the Accused Wheels infringes MHT's Asserted Patents.
- Whether Defendants' infringement of MHT's Asserted Patents was willful.
- Whether the Defendants are related entities.

**Defendants' Statement**

- Whether the '133, '138, '241 and '136 patents are invalid due to functionality.
- Whether the scope of the '133, '138, '241 and '136 patents is limited due to functional elements.
- The identity of the ordinary observer and the level of attention he or she would play in the evaluation of the accused products and the claimed design in assessing infringement.
- The scope and content of the prior art.
- Whether the ordinary observer would be deceived, after a full consideration of functionality and the prior art, into thinking that the accused products are the claimed design.
- Whether the '133, '138, '241 and '136 patents are anticipated by the prior art.
- Whether the '133, '138, '241 and '136 patents are rendered obvious by the prior art.
- Whether the '133, '138, '241 and '136 patents are unenforceable due to the lack of inventorship or improper designation of inventorship.
- Whether Plaintiffs are entitled to damages and the method and means for calculation of such damages?

- Whether Plaintiffs properly marked their products with the relevant patent numbers.

d.  **Parties, and Non-Party Witnesses:**

The parties are:

- Mobile High Tech Wheels, Plaintiff.
- TWM Wholesale, LLC, Defendant.
- Tire & Wheel Master Inc., Defendant.
- Tire & Wheel Master, LLC, Defendant.
- USA Wheel & Tire Outlet, Inc., Defendant.
- Aslam Property, Inc., Defendant.
- HB Commercial LLC, Defendant.
- Nadeem Aslam, Defendant.
- Ammad Hussain, Defendant.

Plaintiff intends to rely on at least the following percipient witnesses:

- John Andrew Hale
- Arthur Hale, Jr.
- Customers who have been confused by Defendants' sales of the accused wheels.

e.  **Damages:**

**Plaintiff's Statement**

At this time it is difficult to estimate actual damages without, at the very least, knowing the amount of Accused Wheels sold by the Defendants, as well as the corresponding revenues, costs, and profits. MHT contends that because Defendants' infringement of the Asserted Patents was willful, MHT is also entitled to treble damages and attorney's fees.

**Defendants' Statement**

Defendants are not claiming damages at this time. Defendants reserved the right to seek an award of attorney fees after a designation that this case is "exceptional."

    **e.**     **Insurance:**

**Plaintiff's Statement**

MHT is not aware of any relevant insurance policy.

**Defendants' Statement**

Defendants are not aware of any relevant insurance policy.

    **g.**     **Motions to add parties, claims or transfer:**

**Plaintiff's Statement**

MHT is investigating the possible addition of any third party distributors of the accused products. MHT reserves the right to amend the complaint to add parties or claims should additional parties or claims be identified during discovery.

**Defendants' Statement**

Defendants are currently unaware of any need to move to add parties, claims or to transfer venue.

    **h.**     **Manual for Complex Litigation:** The parties do not believe the Manual for Complex Litigation is applicable.

    **i.**     **Status of Discovery:**

**Plaintiff's Statement**

The case is just beginning and discovery has not yet begun. MHT anticipates taking a number of depositions, and propounding requests for production, admission, and interrogatories.

**Defendants' Statement**

Defendant joins in Plaintiff's statement.

    **j**     **Discovery Plan**: The parties discussed a discovery plan during the conference and discussed dates for completion of discovery as outlined in Exhibit A. The parties do not believe any changes are currently necessary to the procedures and timing for discovery set forth in Rule 26. Discovery may involve information that is confidential and the parties will negotiate the terms of a protective order regarding confidentiality and ask that the Magistrate Judge assigned to the case enter that order.

Plaintiff contends discovery is necessary on at least the following issues:

1. The relationship between the Defendants.
2. The number of units of the Accused Wheels that the Defendants have sold.
3. Defendants' costs associated with the Accused Wheels.
4. Defendants' revenues from the sale of the Accused Wheels.
5. Defendants' profits from the sale of the Accused Wheels.
6. Defendants' knowledge of MHT prior to their sale of the Accused Wheels.
7. Defendants' knowledge of MHT's products prior to their sale of the Accused Wheels.
8. Defendants' knowledge of the Asserted Patents prior to their sale of the Accused Wheels.
9. Any customer inquiries about the relationship between Defendants and MHT.
10. Any instances of actual confusion arising from Defendants' sale of the Accused Wheels.

Defendants contend discovery is necessary on at least the following issues:

1. The prior art in the possession of the Plaintiffs at the time the applications were filed.
2. The prior art available in the market, both in the form of patents and publications, that would render the claimed designs anticipated or obvious.
3. The identify of each and every inventor responsible for the claimed designs.
4. The manufacturing files for the claimed designs.
5. Plaintiff's claims for confusion.
6. Plaintiff's claims for damages.
7. The identity of the ordinary observer in the context of wheels sold in the aftermarket.
8. The scope and content of the prior art.
9. The functional elements of the claimed designs.

-8-

10. Plaintiff's efforts to mark its products with the patent numbers.

  **k.**   **Discovery Cut-Off**: See Exhibit A.

  **l.**   **Expert Discovery**:

**Plaintiff's Statement**

Plaintiffs reserve the right to designate an expert in the field of automotive aftermarket wheel design, likelihood of confusion, and damages.

**Defendants statement**:

Defendants anticipate endorsing an expert in the field of automotive aftermarket wheel design and the purchasing habits of the ordinary observer. Defendants also anticipate endorsing an expert to address any claim for damages.

  **m.**   **Dispositive Motions**:

**Plaintiff's Statement**

MHT intends to bring a motion for summary judgment as to Defendants' infringement of the Asserted Patents by their manufacturing, importation, distribution, and/or sales of the Accused Wheels.

**Defendants' Statement**

Defendants anticipate bringing Motions for Summary Judgment on multiple points that will be addressed during discovery.

  **n.**   **Settlement**: The parties have had settlement discussions, including exchanging written settlement demands, but have not resolved the matter. As to the Court's ADR program, Plaintiffs propose private mediation and Defendant joins.

  **o.**   **Trial Estimate:** The parties estimate trial will last 3-4 days.

  **p.**   **Trial Counsel:** Lead trial counsel for Plaintiff is Thomas Daly and Drew Wilson. Lead trial counsel for Defendant are Aaron P. Bradford and Brandon Fernald.

  **q.**   **Independent Expert or Master**: The parties do not believe the Court should appoint an independent expert or master.

  **r.**   **Timetable**:

See Exhibit A

**s.** **Other Issues**: None at this time.

**t.** **Patent Cases:** At this time the parties do not believe that a separate claim construction hearing is necessary and plan to address that issue by way of summary judgment briefing.

**u.** **Whether the Parties Wish to Have a Magistrate Judge Preside:**

The parties do not consent to a Magistrate Judge.

Dated: May 3, 2018                    Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By  */s/Drew Wilson*
Drew Wilson
Thomas J. Daly

Attorneys for Plaintiff
MOBILE HI-TECH WHEELS

Dated: May 3, 2018                    FERNALD LAW GROUP, APC

By  */s/Brandon C. Fernald*
Brandon C. Fernald
(as authorized on May 3, 2018)

BRADFORD, LTD.

Aaron P. Bradford (to be admitted *pro hac vice*)

Attorneys for Defendants
TWM WHOLESALE, LLC and
TIRE & WHEEL MASTER, INC.,
TIRE & WHEEL MASTER, LLC,
USA WHEEL & TIRE OUTLET, INC.,
ASLAM PROPERTY, INC.,
HB COMMERCIAL, LLC,
NADEEM ASLAM, and AMMAD HUSSAIN

104665766.2                    JOINT RULE 26(f) REPORT